IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 10-14210-CIV-MOORE/SIMONTON

JOHN CALHOUN,

    Plaintiff,

vs.

CON-WAY FREIGHT, INC.,
f/k/a CONWAY TRANSPORTATION
SERVICES INC.

    Defendant.
_____/

## ORDER GRANTING MOTION TO REMAND

THIS CAUSE came before the Court upon Plaintiff's Amended Motion to Remand (ECF No. 20).

UPON CONSIDERATION of the Motion, the Responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.    BACKGROUND**

This case involves an individual employed by a non-party bringing a claim against a shipper for injuries he sustained while helping the shipper to unload cargo in the course of his duties for the non-party employer. Plaintiff John Calhoun ("Calhoun") was an employee of The Florida Club in March of 2007. On March 19, 2007, Defendant Con-Way Freight, Inc., f/k/a Con-Way Transportation Services, Inc. ("Con-Way") made an equipment delivery to The Florida Club. Calhoun alleges that he was injured while helping Con-Way to unload the equipment after Con-Way failed to fulfill its unloading obligations.

On July 15, 2010, Calhoun filed a Complaint (ECF No. 1 at 9-12) against Con-Way in the

Circuit Court of the Fifteenth Judicial Circuit in and for Martin County, Florida, alleging negligence (Count I). Con-Way filed a Notice of Removal (ECF No. 1) on August 16, 2010. Calhoun filed a Motion to Remand (ECF No. 17) on September 14, 2010, and an Amended Motion to Remand (ECF No. 20) on September 15, 2010.

**II.    STANDARD OF REVIEW**

Removal jurisdiction only exists if the district court could have exercised original jurisdiction over the action. 28 U.S.C. § 1441(a). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." Id. This strict construction of removal statutes also prevents "exposing the plaintiff to the possibility that they may win a final judgment in federal court, only to have it determined that the court lacked jurisdiction." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). "A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts." Am. Tobacco Co., 168 F.3d at 411.

A party removing a case from state to federal court has the burden of proving that federal jurisdiction exists. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (citing Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1318 (11th Cir. 2001)). That party must prove, by a preponderance of the evidence, the facts supporting federal jurisdiction. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam).

Removal may be based on an initial pleading, an amended pleading, motion, order or other paper. Lowery v. Ala. Power Co., 483 F.3d 1185 (11th Cir. 2007) (citing 28 U.S.C. § 1446(b)). If removal is based on a document other than the plaintiff's initial pleading, that document must have been supplied by the plaintiff. Id. at 1215 n.63.

### III.   ANALYSIS

Calhoun contends that remand is appropriate because Con-Way has failed to demonstrate that the amount in controversy requirement has been satisfied. "A defendant's right to remove is determined by examining the allegations in the complaint at the time the defendant files the notice of removal." Pease v. Medtronic, Inc., 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998). If the plaintiff claims damages of less than $75,000, the defendant "must prove to 'a legal certainty' that the amount in controversy actually exceeds $75,000." Id. at 1356-57. If the plaintiff does not specify damages, the preponderance of the evidence standard applies. Diversified Mortg., Inc. v. Merscorp, Inc., No. 8:09-cv-2497-T-33EAJ, 2010 WL 1793632, at *1 (M.D. Fla. May 5, 2010). Here, Calhoun's Complaint does not specify damages, so the preponderance of the evidence standard applies.

In its Notice of Removal, Con-Way stated that the Parties in this matter are diverse and that the amount in controversy requirement has been met. Section 28 U.S.C. § 1446(b) states, in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or <u>other paper</u> from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (emphasis added). In its Notice of Removal, Con-Way stated that the amount in controversy had been met by an "other paper" under 28 U.S.C. § 1446(b), namely a pre-suit demand letter seeking $300,000 in damages. Demand Letter, dated March 17, 2010 (ECF No. 1 at 12). Although a post-suit demand letter may be considered in determining if the amount in controversy requirement has been satisfied, a plaintiff's "pre-suit settlement demand letter [] will not be considered a[n] 'other paper' for the purpose of satisfying the amount in controversy requirement." Armstrong v. Sears Roebuck & Co., No. 8:09-cv-2297-T-23TGW, 2009 WL 4015563, at *1 (M.D. Fla. Nov. 19, 2009) (citing cases) (internal quotation marks omitted); see also Reichenthal v. Sears Roebuck & Co., No. 2:06-CV-158-FTM-33DNF, 2006 WL 1360905, at *1 (M.D. Fla. May 18, 2006). Given that this Court may not consider the pre-suit demand letter on which Con-Way relied in its Notice of Removal, there is insufficient evidence in the record to satisfy the amount in controversy requirement by a preponderance of the evidence. Therefore, this case must be remanded.

## IV.  CONCLUSION

For the reasons stated above, it is

ORDERED AND ADJUDGED that Plaintiff's Amended Motion to Remand (ECF No. 20) is GRANTED. The Clerk of the Court is instructed to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 15th day of October, 2010.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record